UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ABSOLEM STEVEN-JAMAR THOMAS,

                Petitioner,            Case No. 1:20-cv-272

v.                                          Honorable Paul L. Maloney

GREGORY SKIPPER,

                Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

**I.    Factual allegations**

Petitioner Absolem Steven-Jamar Thomas is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory (RMI) in Ionia, Ionia County, Michigan. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of three counts for offenses that occurred on January 15, 2018: (1) indecent exposure by a sexually delinquent person, in violation of Mich. Comp. Laws § 750.335a(2)(c); (2) aggravated indecent exposure, in violation of Mich. Comp. Laws § 750.335a(2)(b); and (3) criminal sexual conduct in the fourth degree (CSC-IV), in violation of Mich. Comp. Laws § 750.350e(1)(a). On December 6, 2018, the court sentenced Petitioner as a fourth habitual offender, in violation of Mich. Comp. Laws § 769.12, to prison terms of (1) 35 to 80 years on the indecent exposure by a sexually delinquent person charge; (2) 8 to 15 years on the aggravated indecent exposure charge; and (3) 8 to 15 years on the CSC-IV charge.

Although Petitioner is imprisoned on offenses that occurred in January 2018, his petition challenges an earlier conviction. Petitioner pleaded guilty on June 14, 2010, to failure to register as a sex offender, in violation of Mich. Comp. Laws § 28.729. On January 24, 2013, the court sentenced Petitioner as a second habitual offender, in violation of Mich. Comp. Laws § 769.10, to a prison term of one year, six months to six years. The Michigan Court of Appeals affirmed Petitioner's conviction on November 21, 2013. The Michigan Supreme Court denied Petitioner's application for leave to appeal his conviction on March 23, 2014.

On November 10, 2016, Petitioner moved in the Kent County Circuit Court for relief from judgment under Michigan Court Rule 6.502. Petitioner's motion alleged that his trial and appellate counsel were ineffective and that he was therefore entitled to withdraw his plea. Petitioner argued that his counsel advised him on the elements of the version of Michigan's Sex

2

Offender Registration Act (SORA) in place when he was charged in 2010, not on the elements of the version of SORA in place in 2008 when Petitioner pleaded guilty to the offense requiring that he comply with SORA. The circuit order denied the motion on April 11, 2017, among other reasons, determining that Petitioner's own testimony during his plea indicated Petitioner had failed to register as a sex offender under either version of SORA.

On October 10, 2017, Petitioner sought a delayed application with the Michigan Court of Appeals for leave to appeal. While Petitioner waited on a decision from the court of appeals, his 2013 sentence for violating SORA was discharged on January 15, 2018, presumably when he committed the offenses for which he is currently incarcerated. *See* MDOC, Offender Tracking Information System (OTIS) – Offender Profile, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=291318 (last visited Apr. 17, 2020). The court of appeals denied Petitioner's application on March 3, 2018. Petitioner subsequently sought an application for leave to appeal with the Michigan Supreme Court on May 25, 2018. The supreme court denied Petitioner's application for leave to appeal on March 5, 2019.

On March 25, 2020, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on March 25, 2020. (Pet., ECF No. 2, PageID.182.) The petition was received by the Court on March 27, 2020. For purposes of this opinion, the Court will give Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises two grounds for relief, as follows:

3

> I. [Petitioner's] conviction violates the prohibition against ex post facto application of the law because he stands convicted for crimes which he is innocent.
>
> II. Alternatively [Petitioner] is entitled to plea withdraw[a]l where the factual basis elicited for the plea is insufficient to support a conviction of failure to comply with SORA requirements.

(Pet., ECF No. 1, PageID.6,7.)

## II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

## III. Discussion

To the extent Petitioner seeks to challenge his 2010 conviction, this Court is without subject matter jurisdiction to grant habeas corpus relief. Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a § 2254 habeas petition be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." Ordinarily, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a

4

habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). In the present case, Petitioner's 2010 sentence completely expired on January 15, 2018, the date on which he was unconditionally discharged by the MDOC. Under *Maleng*, the mere fact that he faces collateral consequences from the 2010 conviction, such as the possibility in a future conviction of a sentencing enhancement as a habitual offender, does not render him "in custody" under the 2010 conviction.

At the time *Maleng* was decided, however, the Court reserved the question whether a petitioner in custody for a second conviction, the sentence for which was enhanced by virtue of a prior expired sentence, could question the legality of the prior sentence in a habeas petition challenging the second conviction. *See Maleng*, 490 U.S. at 492-93; *Young v. Vaughn*, 83 F.3d 72, 74 (3d Cir. 1996); *Gamble v. Parsons*, 898 F.2d 117, 118 (10th Cir. 1990); *Starks v. Straub*, No. 96-1044, 1997 WL 468325, *2 (6th Cir. 1997). Arguably, Petitioner's *pro se* application, construed liberally, attacks the 2010 conviction insofar as it was used to enhance his 2018 sentence.

In 2001, however, the Supreme Court squarely decided the question left open in *Maleng*. The Court held that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001) (holding that petitioner could not challenge under § 2255 a prior state-court conviction used to enhance a subsequent federal sentence)).[1] As a result, following *Lackawanna*, this Court is without

---

[1] The Court held that an exception to the rule is available when the petitioner seeks to challenge an enhanced subsequent sentence on the basis that the earlier sentence was obtained where there was a failure to appoint counsel

jurisdiction to consider Petitioner's challenge to his 2010 conviction because he is not in custody for that conviction.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner

---

in violation of the Sixth Amendment. Here, Petitioner has identified the name of the attorney who represented him in the 2010 conviction. Accordingly, the exception identified by the Supreme Court is inapplicable here.

6

a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:   April 21, 2020                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge